IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CORA LEE PITTS**                                                                                           **PLAINTIFF**

**V.**                                    **CASE NO. 5:22-CV-5010**

**SHERIFF TIM HELDER,**
**Washington County, Arkansas**                                                **DEFENDANT**

### OPINION AND ORDER

Comes on for consideration the Report and Recommendation ("R&R") (Doc. 35) filed in this case on January 31, 2023, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. The Magistrate Judge recommends granting Defendant Sheriff Tim Helder's Motion for Summary Judgment (Doc. 24). Plaintiff Cora Lee Pitts sued Sheriff Helder in his official capacity for allegedly subjecting her to unconstitutional conditions of confinement. On February 8, 2023, Ms. Pitts filed objections to the R&R. See Doc. 36. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* in order to resolve the pending objections.

Ms. Pitts's claim concerns her confinement in an isolation cell for three days. She agrees that at the time she was engaging in acts of self-harm and was openly threatening to kill herself. See Doc. 26-7, pp. 44–45. In response, jail officials placed her in an isolation cell called "ISO-3." The conditions in the isolation cell were bleak. The room was small and only contained a bed. There was no sink or toilet; there was only a hole on the floor of the cell, covered by a grate. The hole was meant to be used as a toilet and could be flushed by jail officers from a location outside the cell. Ms. Pitts took her

meals in the cell and was under video observation at all times. She was released from the cell for one hour per day for exercise and was permitted at that time to use the shower, sink, and toilet, as well as the jail's electronic kiosk. Ms. Pitts describes her confinement in ISO-3 as a "form of torture" that only worsened her mental state. *Id.* at pp. 63–64. However, after spending three days in isolation, she spoke with the jail's nurse and agreed to resume taking her medications. She was placed in a segregated unit, where she remained for two weeks. After that, she rejoined general population.

Ms. Pitts's first group of objections seek to clarify some of the facts in the R&R.[1] None of these facts are material to the recommended ruling on summary judgment. Accordingly, the Court believes these objections do not warrant a ruling. To the extent some ruling is required, the objections are **OVERRULED**.

Ms. Pitts's second objection emphasizes the unhygienic conditions she experienced in ISO-3 and contends these conditions were so intolerable that they violated her constitutional rights. The R&R acknowledges that "the conditions in ISO-3, as described by Pitts, were unpleasant, undesirable, and harsh." (Doc. 35, p. 10). However, a Fourteenth Amendment claim may only survive summary judgment if there are facts to show that conditions of confinement amounted to punishment.

First, there are no facts to show that Ms. Pitts's jailers openly expressed a desire to punish her. Therefore, the Court must examine whether her conditions of confinement

---

[1] In particular, Ms. Pitts notes that: (1) she was administered "Risperidone" in jail but believes she should have been given "Zyprexa" instead; (2) she never posed a danger to her fellow prisoners, though she understands why her "behaviors may have caused concern to others"; and (3) she disputes the R&R's characterization of her mental health conditions as "serious." (Doc. 36, p. 1 (emphasis in original)).

2

could nonetheless be construed as punishment. To accomplish this, the Court considers where the conditions were "reasonably related to a legitimate governmental objective" or instead were "arbitrary and purposeless." *See Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979).

Here, there is no genuine, material dispute that placing Ms. Pitts in an isolation cell for observation was reasonably related to the jail's legitimate penological interest in keeping her from harming herself. The more difficult question is whether the physical conditions in the isolation cell were reasonably related to legitimate penological interests. As stated, Washington County's policy is to keep its isolation cells bare. This means the cells only contain beds and do not contain toilets, sinks, or metal furnishings. The County explains that the purpose of this rule is to reduce the chances that inmates will use furnishings to injure themselves. *See* Doc. 26-1, p. 4. Ms. Pitts complains that the lack of sink in her cell meant she could not wash her hands before taking meals and after relieving herself in the hole in the floor of her cell. She agrees she was released from this cell for one hour per day to shower, use the restroom, and use the kiosk. (Doc. 26-7, p. 24). She recalls that on at least one occasion, her cell was swept and mopped and guards flushed the hole. *Id.* at p. 25. She claims she was without toilet paper for a night. *Id.* at p. 58. She also noticed there was fecal matter "on the wall or the door," but she did not report this to an officer because she was "so in [her] own world and [her] own spaced out head." *Id.* at pp. 58–59.

The Court agrees with the R&R that the above conditions described by Ms. Pitt did not violate her constitutional rights under existing case law. Denying her the opportunity

3

to wash her hands after using the bathroom or before eating meals was unsanitary, as was the presence of fecal matter on the wall or door of her cell. However, "the length of time a prisoner is subjected to harsh conditions is a critical factor in [the Court's] analysis." *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996). Ms. Pitts's incarceration under these unsanitary conditions lasted only three days, and she does not claim she was exposed to disease or suffered any resulting health effects. As a matter of law, enduring such conditions for this length of time does not amount to a constitutional violation. *See, e.g., Smith*, 87 F.3d at 269 (finding no constitutional violation when a pretrial detainee was forced to endure raw sewage from an overflowing toilet in his isolation cell for four days). Accordingly, this objection is **OVERRULED**.

Now having overruled all pending objections, **IT IS ORDERED** that the Report and Recommendation is **ADOPTED IN ITS ENTIRETY**. Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED**. Judgment will be entered simultaneously with this Order.

**IT IS SO ORDERED** on this 17th day of February, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4